IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

Case No. _____

CREATIVE PHOTOGRAPHERS, INC.,

    Plaintiff,

v.

EVERYTHING MEDIA, LLC d/b/a TOTAL
FRAT MOVE and SAVAGE VENTURES,
LLC,

    Defendants.

## COMPLAINT

Plaintiff Creative Photographers, Inc. ("Plaintiff") sues defendants Everything Media, LLC d/b/a Total Frat Move ("Everything Media") and Savage Ventures, LLC ("Savage Ventures") (collectively the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

2. Everything Media is a limited liability company organized and existing under the laws of the State of Tennessee with its principal place of business located at 1402 3rd Ave. N, Nashville, TN 37208. Everything Media serves as its own agent for service of process, 1402 3rd Ave. N, Nashville, TN 37208.

3. Savage Ventures is a limited liability company organized and existing under the laws of the State of Tennessee with its principal place of business located at 1402 3rd Ave. N, Nashville, TN 37208. Savage Ventures' agent for service of process is Dan Beasley, 1402 3rd Ave. N, Nashville, TN 37208.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "[A]n individual defendant 'may be found' in any federal district in which he or she is subject to personal jurisdiction." J4 Promotions, Inc. v. Splash Dogs, LLC, No. 08 CV 977, 2009 U.S. Dist. LEXIS 11023, at *79 (N.D. Ohio Feb. 13, 2009). In other words, venue is proper in his District because Defendant is subject to personal jurisdiction in this District. See Big Guy's Pinball, LLC v. Lipham, No. 14-CV-14185, 2015 U.S. Dist. LEXIS 89512, at *2 (E.D. Mich. July 10, 2015).

## FACTS

**I.     Plaintiff's Business**

7. Plaintiff specializes in the licensing of high-end photography for all markets including editorial, advertising, entertainment, publishing, PR, merchandising, and all new media worldwide.

8. Plaintiff was founded in 1994 and has grown to become one the leading photo agencies today with a deep global reach and successful placements worldwide. Plaintiff works closely with its photographers in establishing an overall strategy which includes the placements and securing of appropriate approvals.

9. Plaintiff has excellent relationships with all publicists, managers and agents which help to facilitate the seamless approval process while simultaneously maintaining a high level of

service in all aspects.

## II. The Work at Issue in this Lawsuit

10. Nino Munoz and Zoey Grossman are some of the many photographers represented by Plaintiff.

11. Mr. Munoz is a Chilean-born photographer and director. In the twenty years since he began his career, Mr. Munoz has made a name for himself in fashion and celebrity portraiture photography. Mr. Munoz has a professional website (at http://www.ninomunoz.com/nmgrid/landing/) where a sample of his work is available for viewing and those interested can contact him for bookings or reach out to his agencies. Currently living in Los Angeles, Mr. Munoz's work ranges from fashion brand advertising and major TV networks to intimate editorials with Hollywood's most noteworthy celebrities.

12. Ms. Grossman is dedicated to her passion for photography, studying photography and fine arts at the University of Pennsylvania. Her unique and feminine style draws inspiration from the evolution of the woman and the intellectualization of beauty. Ms. Grossman has collaborated with reputable companies such as Marc Jacobs, Alexander Wang, Dior, and Victoria's Secret. Her work has appeared in publications such as Elle, GQ, Vogue, and the Washington Post. Ms. Grossman's photography has earned her a reputation as a social media personality, and she is currently working on her first solo exhibition.

### A. The First Photograph

13. In 2017, Mr. Munoz created a professional photograph of celebrity Armie Hammer titled "SHOT_04_0096_C_V2" (the "First Photograph"). A copy of the First Photograph is displayed below:



14. The First Photograph was registered by Mr. Munoz with the Register of Copyrights on October 19, 2020 and was assigned Registration No. VA 2-229-628. A true and correct copy of the Certificate of Registration pertaining to the First Photograph is attached hereto as **<u>Exhibit "A."</u>**

15. Mr. Munoz is the owner of the First Photograph and has remained the owner at all times material hereto.

**B. *The Second Photograph***

16. In 2018, Ms. Grossman created a professional photograph of celebrity Jennifer Aniston titled "SHOT_06_1304_V7-scr" (the "<u>Second Photograph</u>"). A copy of the Second Photograph is displayed below:



17. The Second Photograph was registered by Ms. Grossman with the Register of Copyrights on May 14, 2019 and was assigned Registration No. VA 2-154-061. A true and correct copy of the Certificate of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

18. Ms. Grossman is the owner of the Second Photograph and has remained the owner at all times material hereto.

19. The First Photograph and the Second Photograph are collectively referred to herein as the "Work."

20. For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to

reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### III. Defendants' Unlawful Activities

21. Everything Media owns Total Frat Move ("TFM"). TFM is an entertainment platform geared towards young adults in college where contributors can post or discuss topics that are trending on college campuses across the country.

22. Everything Media advertises/markets its business primarily through its website (https://totalfratmove.com/), social media (https://www.facebook.com/totalfratmove/ and https://twitter.com/totalfratmove/ ), and other forms of advertising.

23. Savage Ventures owns and operates as a venture operator that invests in, acquires, and operates high-growth digital-first businesses, such as digital media, affiliate marketing, direct to consumer healthcare, and ecommerce. It currently has over $100 million in assets under management.

24. Savage Ventures advertises/markets its business primarily through its website (https://savage.ventures/), social media (https://www.linkedin.com/company/savage-ventures/), and other forms of advertising.

25. According to TFM's "About" page on its website (https://totalfratmove.com/about-total-frat-move/), TFM "has been owned and operated by Savage Ventures since February 2021…." The website further states that Everything Media is a brand of Savage Ventures ("TFM: a Savage Ventures Brand").

26. At all times relevant hereto, Everything Media and Savage Ventures jointly

6

Case 3:24-cv-01469    Document 1    Filed 12/17/24    Page 6 of 12 PageID #: 6

operated the TFM website (with Everything Media a wholly-owned subsidiary of Savage Ventures) and jointly posted content thereto – including the infringing material that is the subject of this lawsuit.

27. On January 12, 2021 (after Mr. Munoz's above-referenced copyright registration of the First Photograph), Defendants displayed and/or published a copy of the First Photograph on Everything Media's website, webpage, and/or social media (at https://totalfratmove.com/tfm/breaking-down-armie-hammers-dms/):



28. On February 10, 2021 (after Ms. Grossman's above-referenced copyright registration of the Second Photograph), Defendants displayed and/or published a copy of the Second Photograph on Everything Media's website, webpage, and/or social media (at https://totalfratmove.com/tsm/unfortunate-truth-men-get-better-with-age/):



29. A true and correct copy of screenshots of Everything Media's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "C."**

30. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Everything Media's website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendants on notice that the Work was not intended for public use.

31. Defendants utilized the Work for commercial use.

32. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

33. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the First Photograph and the Second Photograph in January 2022. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use.

34. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

35. Plaintiff re-alleges and incorporates paragraphs 1 through 34 as set forth above.

36. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

37. Mr. Munoz owns a valid copyright in the First Photograph, having registered the First Photograph with the Register of Copyrights.

38. Ms. Grossman owns a valid copyright in the Second Photograph, having registered the Second Photograph with the Register of Copyrights.

39. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

40. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on Everything Media's website, webpage, and/or social media.

41. Defendants reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

42. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

43. Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright. Notably, Everything Media and Savage Ventures themselves utilize a copyright disclaimer on their

websites, respectively ("© 2024 Everything Media LLC" and "© 2024 · SAVAGE VENTURES"), indicating that Defendants understand the importance of copyright protection/intellectual property rights and are actually representing that they own each of the photographs published on their websites. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12–13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendants clearly understand that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

44. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

45. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

46. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

47. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct.

48. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: December 17th, 2024.

HOWELL & FISHER, P.L.L.C.
3310 West End Ave., Suite 550
Nashville, TN 37203
Tel. (615)244-3370
Fax (615)244-3518
Email: nmcintire@howell-fisher.com

By: /s/ *Neil McIntire*
NEIL M. McINTIRE, ESQ.
TN Bar Roll No. 19830